## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| IN RE: | § | |
|---|---|---|
| | § | CASE NO. 1:08-ap-51530 |
| Archway Cookies LLC, et al | § | |
| | § | |
| DEBTOR. | § | |
| | § | |

### APPLICATION FOR THE RECOVERY OF UNCLAIMED FUNDS

COMES NOW the claimant, Dilks & Knopik, LLC, attorney-in-fact for Ronald D. Ward, claimant, hereby petitions the Court for $511.18, which is the sum of all monies being held in the registry of this court as unclaimed funds, which are due to Ronald D. Ward, creditor. A dividend check in the amount totaling $511.18 was not negotiated by the creditor and the Trustee, pursuant to 11 U.S.C. Section 347(a), delivered the unclaimed funds to the Clerk, US Bankruptcy Court.

The creditor did not receive the dividend check in the above case for the following reason:

Dividends were not collected by the creditor, Ronald D. Ward. Ronald D. Ward's current address is listed below.

The creditor's current mailing address, phone and social security/tax identification number are:

> Ronald D. Ward
> 2355 Valleywood Dr
> San Bruno, CA 94066
> (650) 455-2878
> Last four digits of SSN/TIN: 9664

Claimant now seeks to recover the funds from the Court's Registry. Wherefore, claimant prays that, upon proper notice to the U.S. Attorney's Office, the Court order that a check in the amount of, $511.18 made payable to Ronald D. Ward c/o Dilks & Knopik, LLC be issued from the Court's Registry.

Dated: January 21, 2016        Respectfully Submitted:

> Brian J. Dilks, Managing Member
> Dilks & Knopik, LLC, Attorney in Fact for
> Ronald D. Ward
> 35308 SE Center St
> Snoqualmie, WA 98065-9216
> (425) 836-5728

On 1/21/16 before me, Brian J. Dilks, personally appeared, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person (s) whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

Andrew T. Drake, Notary Public
for the State of Washington, County of King
My Commission Expires: September 9, 2019

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|   |   |
|---|---|
| RE: Archway Cookies LLC, et al <br><br> Debtor(s) | Case: 08-12323 (CSS) <br><br> **AUTHORITY TO ACT** <br> **Limited Power of Attorney** <br> **LIMITED TO ONE TRANSACTION** |

### USED ONLY TO COLLECT FUNDS FROM THE ABOVE REFERENCED CASE

1. **Ronald D. Ward** ("CLIENT"), appoints **Dilks & Knopik, LLC** ("D&K"), as its lawful attorney in fact for the limited purpose of recovering, receiving and obtaining information pertaining to the outstanding tender of funds in the amount of **$511.18** (the "FUNDS"), including the right to collect on CLIENT's behalf any such funds that are held by a governmental agency or authority.

2. CLIENT grants to D&K the authority to do all things legally permissible and reasonably necessary to recover or obtain the FUNDS held by the governmental agency or authority. This limited authority includes the right to receive all communications from the governmental agency or authority and to deposit checks payable to CLIENT for distribution of the FUNDS to CLIENT, less the fee payable to D&K pursuant to and in accordance with its agreement with CLIENT.

3. D&K may not make any expenditure or incur any costs or fees on behalf of CLIENT without CLIENT's prior written consent.

4. This Authority to Act shall become effective on the below signed date and shall expire upon collection of the aforementioned FUNDS. I authorize the use of a photocopy of this Limited Power of Attorney in lieu of the original.

_____        10/21_____, 20 15
Ronald D. Ward                          Date

Tax ID: XXX-XX-9664

### ACKNOWLEDGMENT

STATE OF California        COUNTY OF San Mateo

On this 21 day of October, 2015, before me, the undersigned Notary Public in and for the said County and State, personally appeared **Ronald D. Ward** known to me to be the person described in and who executed the foregoing instrument, and who acknowledged to me that (circle one) he/she did so freely and voluntarily and for the uses and purposes therein mentioned.

WITNESS my hand and official seal.
NOTARY PUBLIC Tricia M. Ward
Residing at 471 Medinah Ct Hayward CA 94544
My Commission expires 8/17/19

TRICIA M. WARD
Commission # 2123873
Notary Public - California
Alameda County
My Comm. Expires Aug 17, 2019



IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ARCHWAY COOKIES LLC, et al.,<br><br>Debtors.<br><br>―――――――――――――――――――<br><br>JEFFREY AUSTEN on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>ARCHWAY COOKIES LLC, MOTHER'S CAKE & COOKIE CO., CATTERTON PARTNERS V, L.P., CATTERTON PARTNERS V OFFSHORE, L.P., CATTERTON COINVEST I, LLC, and INSIGHT HOLDINGS,<br><br>Defendants. | Chapter 7<br>Case No. 08-12323 (CSS)<br>Jointly Administered<br><br>Adv. Pro. No. 08-51530 (CSS) |

**UNOPPOSED MOTION TO APPROVE
PAYMENT OF UNCLAIMED RESIDUAL FUNDS TO THE CLERK OF THE COURT**

Plaintiff, Jeffrey Austen, Class Representative for the certified WARN Class, by and through his undersigned counsel, hereby moves this Court, pursuant to Section 105 of Title 11 of the United States Code (the "Bankruptcy Code") for entry of an Order, substantially in the form annexed hereto as <u>Exhibit C</u>, approving the disbursement of unclaimed settlement residual funds to the Clerk of the United States Bankruptcy Court for the District of Delaware, pursuant to the parties' *Settlement Agreement and Release of Claims*, executed on or about February 3, 2012 (the "Settlement Agreement") by and among the Trustee, the Plaintiff and their counsel resolving certain employment-related claims asserted under the Worker Adjustment and Retraining Notification Act and similar state statutes (collectively, the "WARN Act"). This Unopposed

Motion to Approve Payment of Unclaimed Residual Funds to the Clerk of the Court (the "Motion"), is supported by the accompanying Declaration of René S. Roupinian and Exhibits A-C.

### Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Section 105(a) of the Bankruptcy Code.

2. Pursuant to the final *Order Approving Settlement Between the Chapter 7 Trustee for Archway Cookies, LLC and Mother's Cake & Cookies Co. and the Named Plaintiff and Class Representative* (the "Final Order") dated April 17, 2012, this Court "retained jurisdiction . . . with respect to all matters arising from or related to the implementation of this Order."

### General Background

3. On October 6, 2008, each of the Debtors commenced Chapter 11 bankruptcy proceedings by filing voluntary petitions for relief under the Bankruptcy Code in *In re Archway Cookies, LLC et al.*, 08-12323 (CSS) (the "Bankruptcy Cases"). On January 9, 2009, the Bankruptcy Cases were converted to Chapter 7 proceedings and the Trustee was appointed on January 21, 2009.

4. On or about October 15, 2008, Plaintiff commenced an adversary proceeding against the Debtors by filing a class-action complaint asserting various claims under the WARN Act, which claims were ultimately resolved pursuant to the Settlement Agreement. (See Exhibit 1 to "Exhibit A", the Final Order Approving the Settlement").

5. On April 18, 2012, the Court entered the Final Order approving the Settlement Agreement. (See "Exhibit A").

6. Under the terms of the Settlement Agreement, the parties retained the services of Settlement Services, Inc. ("SSI") to administer the settlement payments to the members of the Class. *See* Point VII par. A of "Exhibit 1."

7. The final distribution to the Class was made by SSI more than 180 days ago.

8. The parties have each completed their obligations under the terms of the Settlement Agreement.

9. The unclaimed portion of the final distribution to the Class totals $23,576.52.

10. Pursuant to the Settlement Agreement, Section VII (C) provides that, "[a]ny distribution checks that remain uncashed after 180 days from the Final Settlement Payment shall be paid to the Clerk of the Bankruptcy Court in the name of the Plaintiff class member(s)." (See "Exhibit 1").

11. A list of each class member who has not claimed his or her settlement check, along with the last 4 digits of his or her social security number[1], is listed on Exhibit B.

12. Accordingly, plaintiff requests that this Court enter the proposed Order, attached as Exhibit C, authorizing the payment of the residual funds to the Clerk of the Bankruptcy Court, in the name of the Plaintiff class member(s) listed on Exhibit B. The Trustee does not oppose the Plaintiff's requested relief.

Dated: August 12, 2015                    Respectfully submitted,

/s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
**LOIZIDES, P.A.**

---

[1] Class Counsel does not have social security numbers for two members of the class who are believed to be deceased. Class Counsel has not yet been contacted by their next of kin.

3

1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728
E-mail:    loizides@loizides.com

René S. Roupinian
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000

*Counsel for the Plaintiff and the Certified Class*